IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR PARNELL, III, | ) No. C 06-7662 SBA (PR) |
| Plaintiff, | ) |
| v. | ) **ORDER OF SERVICE** |
| A. TUCKER, et al., | ) |
| Defendants. | ) |

## INTRODUCTION

Plaintiff Arthur Parnell, III, a state prisoner incarcerated at Salinas Valley State Prison (SVSP) in Soledad, California, has filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violations. He has been granted leave to proceed in forma pauperis. Venue is proper in this district because the events giving rise to the action occurred at SVSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

## BACKGROUND

The following factual summary is based on the allegations in Plaintiff's complaint, which are taken as true and construed in the light most favorable to Plaintiff for purposes of the Court's initial review of this action. See Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

Plaintiff alleges that Defendants violated his First Amendment right to religious freedom and burdened his religious practice under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Specifically, Plaintiff claims that on August 6, 2004, he submitted a special activity packet for approval "per CDC Rules and Regulations as well as the Department of Operation Manual" so that "the Muslims on A yard could participate in Ramadan." (Compl. at 3a.)[1] Plaintiff alleges that the special activity packet was approved by prison officials, including Defendant Associate Warden A. Tucker.[2]

---

[1] Plaintiff attached three additional pages to page three of his complaint; therefore, the Court has labeled the four pages as 3a through 3d.

[2] In August, 2004, Defendant Tucker was A yard Captain.

**United States District Court**
For the Northern District of California

1    On October 12 or 13, 2004, Plaintiff gave SVSP prison officials "an approved copy of the

2    special activity packet." (Id. at 3a.)  Plaintiff alleges that SVSP Correctional Officer Knuckles

3    informed him that she would be "providing the coverage" during their services.  (Id.)

4    On October 14, 2004, Plaintiff and several other Muslims "were released after yard recall to

5    perform [their] congregational prayers and study per the special activity packet."  (Id. at 3b.)

6    Officer Knuckles informed Defendant Tucker that she was "going to be providing coverage."  (Id.)

7    The next day, Plaintiff alleges Defendant Tucker instructed Defendant SVSP Sergeant M.

8    Thomas "not to allow [Plaintiff and the other Muslims] to hold [their] approved services if the

9    [i]mam[3] wasn't present."  (Id. at 3b (footnote added).)

10    On October 16, 2004, Plaintiff claims that the imam "came to see [him] to ask why [they]

11    weren't in the chapel."  (Id.)  Plaintiff alleges that he spoke with Defendant SVSP Lieutenant Krenke

12    about his lack of access to the chapel and to "see why they were violating the approved packet."

13    (Id.)  Plaintiff alleges Defendant Krenke instructed Defendant Thomas to "go get the chapel keys so

14    [they] could have [their services];" however, Defendant Thomas refused.  (Id.)

15    Plaintiff claims that "[f]rom October 15, 2004 until November 4, 2004, [he] was denied the

16    right to practice his religion."  (Id. at 3c.)  Specifically, he claims that between October 18, 2004 and

17    October 26, 2004, Plaintiff was told by Defendant SVSP Lieutenant Binkele that "he wasn't going to

18    allow Plaintiff to hold Jummu'ah[4] on the yard."  (Id. at 3d (footnote added).)

19    Finally, Plaintiff claims that on November 13, 2004, Defendant SVSP Sergeant S. Beguhl

20    "denied Plaintiff access to hold services on the yard."  (Id.)

21    Plaintiff alleges he has exhausted his administrative remedies.  He names Defendants Tucker,

22    Binkele, Krenke, Beguhl, Thomas and SVSP Correctional Officer A. Guirnalda as Defendants in this

23    action.

24    Plaintiff seeks monetary relief.

25

26    _____

27    [3] Similar to spiritual leaders, the imam is the one who leads the prayer during Islamic gatherings.

28    [4] Jumu'ah, as it is correctly spelled, is a congregational prayer that Muslims hold every Friday, just after noon.

**United States District Court**
For the Northern District of California

**DISCUSSION**

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**II.    Class Action**

Plaintiff seeks to name "all simarily [sic] situated individuals" as additional plaintiffs in this action, thus the Court construes this as his request to bring this case as a class action.  However, pro se plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself").  Accordingly, the Court will not certify a class.

**III.    Legal Claims**

Plaintiff asserts that restrictions on or prohibitions of his exercise of his Islamic religion, such as denying him access to the chapel or yard for congregational prayers and study, violate the Free Exercise Clause of the First Amendment and RLUIPA.

The First Amendment protects unfamiliar and idiosyncratic as well as commonly recognized religions.  See Alvarado v. City of San Jose, 94 F.3d 1223, 1230 (9th Cir. 1996).  An inmate who adheres to a minority religion must be afforded a "reasonable opportunity" to exercise his religious freedom.  See Cruz v. Beto, 405 U.S. 319, 322 & n.2 (1972).  In order to establish a free exercise violation, a prisoner must show the defendants burdened the practice of his religion by preventing

3

United States District Court
For the Northern District of California

1  him from engaging in conduct mandated by his faith without any justification reasonably related to

2  legitimate penological interests.  See Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997).  To

3  reach the level of a constitutional violation, "the interference with one's practice of religion 'must be

4  more than an inconvenience; the burden must be substantial and an interference with a tenet or belief

5  that is central to religious doctrine.'"  Id. at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th

6  Cir. 1987)).

7  RLUIPA provides: "No government shall impose a substantial burden on the religious

8  exercise of a person residing in or confined to an institution, as defined in section 1997 [which

9  includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a

10  rule of general applicability, unless the government demonstrates that imposition of the burden on

11  that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive

12  means of furthering that compelling governmental interest."  42 U.S.C. § 2000cc-1(a).  RLUIPA

13  defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or

14  central to, a system of religious belief."  San Jose Christian College v. Morgan Hill, 360 F.3d 1024,

15  1034 (9th Cir. 2004) (citing § 2000cc-5(7)(A)).  RLUIPA does not define "substantial burden."  Id.

16  Construing the term in accord with its plain meaning, the Ninth Circuit holds that "a 'substantial

17  burden' on 'religious exercise' must impose a significantly great restriction or onus upon such

18  exercise."  Id.

19  The RLUIPA largely mirrors the language of the Religious Freedom Restoration Act

20  (RFRA), which the Supreme Court struck down in City of Boerne v. Flores, 521 U.S. 507, 536

21  (1997).  RFRA had restored the "compelling interest" test in all cases where free exercise of religion

22  was "substantially burdened," including laws of general applicability and claims by prisoners,

23  thereby legislatively overturning the less stringent test for prisoner claims previously set by O'Lone

24  v. Estate of Shabazz, 482 U.S. 342, 349 (1987), that a prison regulation impinging on inmates' free

25  exercise rights is valid if it is reasonably related to legitimate penological interests.  See United

26  States v. Bauer, 75 F.3d 1366, 1375 (9th Cir. 1996).  In Flores, the Supreme Court declared the

27  RFRA unconstitutional, finding Congress had exceeded its authority under the Enforcement Clause

28  (section 5) of the Fourteenth Amendment.  See Flores, 521 U.S. at 536.  RLUIPA, however, is based

on the Spending Clause and thus appears to be within Congress's legislative reach.  Under this statute, therefore, a violation occurs if prison officials substantially burden a prisoner's practice of his religion, unless the prison policy is the least restrictive means of furthering a compelling government interest.

In view of the sweeping provisions of RLUIPA and the Free Exercise Clause of the First Amendment, Plaintiff has stated a cognizable claims under RLUIPA and the First Amendment against Defendants Tucker, Binkele, Beguhl and Thomas.  However, Plaintiff has failed to allege any claims against Defendants Krenke and Guirnalda.  Plaintiff merely alleges that Defendant Krenke instructed Defendant Thomas to "go get the chapel keys," but Defendant Thomas refused. (Compl. at 3b.)  Plaintiff has failed to allege that Defendant Krenke is liable for Defendant Thomas's refusal to grant Plaintiff access to the chapel.  Meanwhile, Plaintiff makes no claims against Defendant Guirnalda in the complaint.  Accordingly, all claims against Defendants Krenke and Guirnalda are DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      The Court will not certify this case as a class action.

2.      The Court finds COGNIZABLE Plaintiff's claims under RLUIPA and the First Amendment against Defendants Tucker, Binkele, Beguhl and Thomas.

3.      Plaintiff's claims against Defendants Krenke and Guirnalda are DISMISSED without prejudice.

4.      The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the original complaint (docket no. 1) in this matter, and a copy of this Order upon **SVSP Associate Warden A. Tucker, Lieutenant R. Binkele, as well as Sergeants S. Beguhl and M. Thomas**.  The Clerk shall also mail copies of these documents to the Attorney General of the State of California.  Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

5.      In order to expedite the resolution of this case, the Court orders as follows:

a.      Defendants shall answer the complaint in accordance with the Federal Rules

1    of Civil Procedure.  In addition, no later than **thirty (30) days** from the date their answer is due,

2    Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall

3    be supported by adequate factual documentation and shall conform in all respects to Federal Rule of

4    Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary

5    judgment, they shall so inform the Court prior to the date their summary judgment motion is due.

6    All papers filed with the Court shall be promptly served on Plaintiff.

7              b.        Plaintiff's opposition to the dispositive motion shall be filed with the Court

8    and served on Defendants no later than **forty-five (45) days** after the date on which Defendants'

9    motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The Defendant has made a motion for summary  judgment by which they seek
> to have your case dismissed.  A motion for summary judgment under Rule 56 of the
> Federal Rules of Civil Procedure will, if granted, end your case.
>     Rule 56 tells you what you must do in order to oppose a motion for summary
> judgment.  Generally, summary judgment must be granted when there is no genuine
> issue of material fact -- that is,  if there is no real dispute about any fact that would
> affect the result of your case, the party who asked for summary judgment is entitled
> to judgment as a matter of law, which will end your case.  When a party you are suing
> makes a motion for summary judgment that is properly supported by declarations (or
> other sworn testimony), you cannot simply rely on what your complaint says.
> Instead, you must set out specific facts in declarations, depositions, answers to
> interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict
> the facts shown in the Defendants's declarations and documents and show that there is
> a genuine issue of material fact for trial.  If you do not submit your own evidence in
> opposition, summary judgment, if appropriate, may be entered against you.  If
> summary judgment is granted [in favor of the Defendant], your case will be dismissed
> and there will be no trial.

19   See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

20   Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)

21   (party opposing summary judgment must come forward with evidence showing triable issues of

22   material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the

23   burden of proving his allegations in this case, he must be prepared to produce evidence in support of

24   those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may

25   include sworn declarations from himself and other witnesses to the incident, and copies of

26   documents authenticated by sworn declaration.  Plaintiff is advised that if he fails to submit

27   declarations contesting the version of the facts contained in Defendants' declarations, Defendants'

28   version may be taken as true and the case may be decided in Defendants' favor without a trial.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his

2   complaint.

3                  c.       If Defendants wish to file a reply brief, they shall do so no later than **fifteen**

4   **(15) days** after the date Plaintiff's opposition is filed.

5                  d.       The motion shall be deemed submitted as of the date the reply brief is due.

6   No hearing will be held on the motion unless the Court so orders at a later date.

7          6.       Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

8   Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any

9   other necessary witnesses confined in prison.

10          7.       All communications by Plaintiff with the Court must be served on Defendants, or

11  their counsel once counsel has been designated, by mailing a true copy of the document to

12  Defendants or their counsel.

13          8.       It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

14  informed of any change of address and must comply with the Court's orders in a timely fashion.

15  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal

16  Rule of Civil Procedure 41(b).

17          9.       Extensions of time are not favored, though reasonable extensions will be granted.

18  However, the party making a motion for an extension of time is not relieved from his or her duty to

19  comply with the deadlines set by the Court merely by having made a motion for an extension of

20  time.  The party making the motion must still meet the deadlines set by the Court until an order

21  addressing the motion for an extension of time is issued.  Any motion for an extension of time must

22  be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

23          IT IS SO ORDERED.

24  DATED: 8/27/09

25                                                   SAUNDRA BROWN ARMSTRONG
                                                     United States District Judge

26

27

28

1   UNITED STATES DISTRICT COURT
    FOR THE
2   NORTHERN DISTRICT OF CALIFORNIA

3

4   ARTHUR PARNELL III,                          Case Number: CV06-07662 SBA

5              Plaintiff,                         **CERTIFICATE OF SERVICE**

6      v.

7   A. TUCKER et al,

8              Defendant.
    _____/

9

10  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.

11  That on August 27, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said
    copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12  envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
    located in the Clerk's office.

13

14

15  Arthur  Parnell T50222
    Salinas Valley State Prison
16  P.O. Box 1050
    Soledad,  CA 93960-1050
17
    Dated: August 27, 2009
18                                               Richard W. Wieking, Clerk
                                                 By: LISA R CLARK, Deputy Clerk
19

20

21

22

23

24

25

26

27

28

P:\PRO-SE\SBA\CR.06\Parnell7662.service.frm  8